IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES,** *et al. ex rel.* **TOBY TRAVIS,**<br><br>　　　　　　　**Plaintiffs,**<br><br>　　　v.<br><br>**GILEAD SCIENCES, INC.,** *et al.***,**<br><br>　　　　　　　**Defendant.** | **CIVIL ACTION NO. 17-1183** |

## ORDER

**AND NOW,** this 31st day of March 2022, upon consideration of: (1) the Motion to Dismiss [Doc. No. 56] filed by Defendant Gilead Sciences, Inc. ("Gilead"); (2) the Request for Judicial Notice [Doc. No. 57] filed by Gilead; (3) the Motion to Dismiss (Joinder) [Doc. No. 58] filed by Defendant Good Health, Inc., d/b/a Premier Pharmacy Services ("Premier"); and (4) the associated briefing of the parties; and for the reasons set forth in the Memorandum Opinion to follow, it is hereby **ORDERED** that:

1. Relator's "reverse False Claims Act" claim,[1] and each derivative state law claim similarly alleging the fraudulent retention of moneys paid by government actors, is **deemed voluntarily dismissed without prejudice**, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[2] To the extent that the United States objects to this voluntary dismissal, the United States may, within **30 days** of the date of this Order,

---

[1] TAC [Doc. No. 49] ¶ 284(4).

[2] Relator voluntarily dismisses these claims in response to the arguments set forth in Gilead's motion to dismiss. *See* Pl.'s Resp. Opp'n Gilead's Mot. Dismiss [Doc. No. 60] at 1 n.2.

file a motion to vacate the relevant portion of this Order pursuant to paragraph 10 of this Court's Order of December 12, 2020.[3]

2. The unopposed Request for Judicial Notice [Doc. No. 57] filed by Defendant Gilead Sciences, Inc. is **GRANTED**.

3. The Motion to Dismiss [Doc. No. 56] filed by Defendant Gilead Sciences, Inc. is **GRANTED IN PART** and **DENIED IN PART**, as follows:[4]

    a. With respect to the following alleged violations of the False Claims Act,[5] and each derivative state law claim, Gilead's Motion to Dismiss is **DENIED**:

        i. Fraud related to Gilead's Sovaldi and Harvoni Speaker Programs; and

        ii. Fraud related to Gilead's relationship with the PAN Foundation.

---

[3] Doc. No. 19.

[4] As these claims are brought under the False Claims Act and similarly structured state laws, they sound in fraud and are subject to Federal Rule of Civil Procedure 9(b)'s pleading requirements. The purpose of the heightened pleading requirement in Rule 9(b) is to "provide defendants with fair notice of the plaintiffs' claims," and to "place the defendants on notice of the precise misconduct with which they are charged." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 156 (3d Cir. 2014); *Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012).

The TAC alleges multiple theories of misconduct and categories of conduct, each of which alleges violations of the False Claims Act and implicates a separate set of underlying claims. The Court identifies the allegations concerning the specific theories or activities that are inadequately pleaded so that Defendants are not "left to guess" which alleged activities "were fraudulent, and most importantly, how those [activities] were fraudulent." *State Farm Mut. Auto. Ins. Co. v. Ficchi*, No. 10-555, 2012 WL 1578247, at *7 (E.D. Pa. May 4, 2012) (dismissing certain paragraphs of a complaint alleging that certain conduct was fraudulent but failed to meet the particularity requirement of Rule 9(b)).

[5] TAC [Doc. No. 79] ¶ 284(1)–(2).

      b. With respect to the following alleged violations of the False Claims Act,[6] and each derivative state law claim, Gilead's Motion to Dismiss is **GRANTED**, and the following allegations of fraud are **DISMISSED without prejudice**:

         i. Fraud related to pre-approval marketing of Sovaldi and Harvoni;

         ii. Fraud related to off-label marketing of Sovaldi and Harvoni;

         iii. Fraud related to misleading marketing of Sovaldi and Harvoni; and

         iv. Fraud related to F-Score manipulation.

      c. With respect to claims alleging conspiracy between Gilead and the PAN Foundation to violate the False Claims Act,[7] and each derivative state law claim, Gilead's Motion to Dismiss is **DENIED.**

      d. With respect to claims alleging conspiracy between Gilead and Premier to violate the False Claims Act,[8] and each derivative state law claim, Gilead's Motion to Dismiss is **GRANTED**, and all such claims are **DISMISSED without prejudice.**

      e. The remainder of Gilead's motion is **DENIED.**

4. The Motion to Dismiss (Joinder) [Doc. No. 58] filed by Defendant Good Health, Inc., d/b/a Premier Pharmacy Services is **GRANTED** as to claims alleging conspiracy

---

[6] TAC [Doc. No. 79] ¶ 284(1)–(2).

[7] TAC [Doc. No. 79] ¶ 284(3).

[8] TAC [Doc. No. 79] ¶ 284(3).

between Gilead and Premier to violate the False Claims Act,[9] and is otherwise **DENIED**.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[9] TAC [Doc. No. 79] ¶ 284(3).