**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES, *et al. ex rel.*
TOBY TRAVIS,

                *Plaintiffs*,

    v.

GILEAD SCIENCES, INC. *et al.*,

                *Defendants*.

Case No. 2:17-cv-01183-CMR

---

**DEFENDANT GILEAD SCIENCES, INC.'S SUR-REPLY MEMORANDUM**
**IN OPPOSITION TO RELATOR'S REQUEST FOR JUDICIAL NOTICE**

---

Relator's reply brief does nothing to establish the relevance of the HIV Admissions for this case, which concerns a different set of speaker programs, about different medicines for the treatment of a different disease, organized by a different sales force. Relator cannot use admissions about a distinct and limited set of speaker programs to make up for the complete lack of evidence in the record that the Sovaldi and Harvoni speaker programs violated the Anti-Kickback Statute. The irrelevance of the HIV Admissions is underscored by the fact that they address program characteristics—such as attendance by prescribers' family members and meal costs above Gilead's spending limit—that Relator did not even include in his "sham" criteria.[1] The request for judicial notice should be denied because the HIV Admissions have no bearing on the issues before the Court; and if the Court grants the request, the admissions should not affect its resolution of Gilead's motions for summary judgment and terminating sanctions.

## ARGUMENT

The HIV Admissions are not relevant because they do not make it any "more or less probable" that the payments to Sovaldi and Harvoni speakers were illegal kickbacks. Fed. R. Evid. 401. The admissions do not (and cannot) make it any more likely that Sovaldi and Harvoni speakers were chosen based on prescription volume, they do not lend any support to Relator's overbroad sham criteria, and they do not show there were any problems with the compliance program's monitoring of the Sovaldi and Harvoni events.

## I. THE HIV ADMISSIONS ARE IRRELEVANT TO WHETHER SOVALDI OR HARVONI SPEAKERS WERE CHOSEN BASED ON PRESCRIPTION VOLUME.

Relator cannot explain how the HIV Admissions could support his assertion that HCV therapeutic specialists chose Sovaldi and Harvoni speakers to reward or induce prescriptions.

---

[1] Relator does not dispute that the HIV Admissions, which only concern speaker programs, are irrelevant to his PAN Foundation claims.

Relator points out that HIV and HCV speakers were paid to speak at both branded and unbranded events, ECF 312 at 7, that the nomination and selection process worked the same way for both sets of programs, *id*. at 8, and that some HCV speakers received total compensation similar to the HIV speakers, *id*., but none of that suggests that HCV speakers were chosen based on prescription volume. The business plans and field-visit reports that Relator references cannot carry Relator's burden on this point because, although they note prescription data for some health-care providers, they contain no indication that HCV sales personnel selected, retained, or scheduled HCV speakers to induce or reward Sovaldi and Harvoni prescriptions.

## II.     THE HIV ADMISSIONS ARE IRRELEVANT TO RELATOR'S "SHAM" CRITERIA.

The admissions that Relator cites in support of his sham criteria are no more relevant. Relator argues that the admissions regarding the attendance of HIV prescribers' family members are relevant because they show that attendance by "inappropriate attendees" was "rampant" at Gilead's speaker programs. *Id*. at 11. But family-member attendance is not one of Relator's sham criteria in this case, and thus any admissions about family members at a different set of programs are irrelevant. Relator implies that inappropriate family-member attendance was common at the HCV programs by asserting that four of the seven Sovaldi and Harvoni speakers whom he deposed had family members attend. *Id*. But the fact remains that Relator has identified only four family-member attendees, all of whom were in the continuum of care for HCV, *see* ECF 311 at 3 n.1, and Relator is ***not*** alleging that the presence of family members rendered any Sovaldi or Harvoni events shams, as his own recitation of his sham criteria makes clear. ECF 312 at 10.

Instead, Relator generally alleges that attendance by just one "non-prescriber[]" made a Sovaldi or Harvoni event a sham. *Id*. at 11. He claims that attendance by non-prescribers is

2

inconsistent with the industry code of conduct but cites no support for that claim. *Id.* In fact, as Gilead has repeatedly pointed out, the PhRMA guidance contemplates that "healthcare professionals *as well as members of their staff*" will "attend[] presentations." ECF 240-2 (SOF)¶ 70 (emphasis added). Relator also cites *Arnstein II* to support his argument that a single inappropriate attendee rendered an event a sham, but the section of the opinion he cites expressly states that "speaker programs were regularly given *without legitimate attendees*." *U.S. ex rel. Arnstein v. Teva Pharms. USA, Inc.*, 2019 WL 1245656, at *15 (S.D.N.Y. Feb. 27, 2019) (emphasis added and capitalization omitted). There is no such allegation in this case, which is why Relator has resorted to the unprecedented theory that a speaker payment becomes a kickback if just one audience member falls into Relator's definition of an "inappropriate" attendee.

Finally, Relator contends that the HIV Admissions are relevant to his sham criteria because some Sovaldi and Harvoni events were held at "the very same high-end restaurants" where HIV speaker programs were held. ECF 312 at 12. But Relator ignores the surrounding context of the HIV admissions, including that the HIV speaker programs sometimes exceeded Gilead's $125 per-person spending limit. Relator does not make that same criticism of the HCV speaker programs in this case, and for good reason: the Sovaldi and Harvoni programs, with very few exceptions, complied with Gilead's $125 per-person limit. That is why Relator had to manufacture his own $90 per-person limit for this case, even though his own expert acknowledged that the $125 limit is industry standard. *See* ECF 240-73 (MSJ Ex. 71) at 120:19-22.

## III.   THE HIV ADMISSIONS ARE IRRELEVANT TO SCIENTER.

Relator argues that the HIV Admissions are relevant to the scienter element of his claims because they prove the inadequacy of Gilead's compliance program. ECF 312 at 12-14. But any putative limitations of the compliance program with respect to HIV speaker programs do not prove

that the program was ineffective for a different set of programs organized by a different sales force, supported by different business conduct attorneys. And Relator has not shown any failures of Gilead's compliance program with respect to the Sovaldi and Harvoni events. He makes the cursory assertion that he "has offered a mountain of evidence of similar compliance failures," then cites over a hundred statements of fact without providing any specifics. *Id*. at 14. Gilead has already explained why none of those allegations identify genuine problems with how the compliance department monitored the HCV programs. *See* ECF 285 at 13-14. Among other reasons, many of Relator's allegations simply confirm that Gilead was actively monitoring the programs and taking corrective actions where necessary.

There are, moreover, two independent reasons why Relator cannot prove scienter for his speaker-program claims that have nothing to do with the compliance program. First, Gilead lacked notice that the speaker payments might be kickbacks simply by virtue of satisfying any one of Relator's unprecedented and illogical sham criteria; and second, Relator has not identified specific individuals who knew the payments were unlawful. And the absence of a genuine dispute on the issue of scienter is just one of four reasons that summary judgment is warranted on the speaker-program claims. Relator has failed to create a genuine dispute: (1) that one purpose of the HCV speaker payments was to induce prescriptions, (2) that those payments caused any additional prescriptions to be written, or (3) that publicly available data did not reveal the essential elements of his claims. Even if the HIV Admissions had some marginal relevance to Gilead's compliance program, they would still have no impact on this Court's resolution of Gilead's summary-judgment motion.

**CONCLUSION**

For the foregoing reasons, Gilead respectfully requests the Court deny Relator's request for judicial notice.

Dated: June 12, 2025                                    Respectfully submitted,

                                                        */s/ Devora W. Allon*
                                                        Molly Elizabeth Flynn
                                                        **BARNES & THORNBURG LLP**
                                                        1717 Arch Street, Suite 4900
                                                        Philadelphia, PA 19103
                                                        Telephone:    (445) 201-8915
                                                        Email:          molly.flynn@btlaw.com

                                                        Devora W. Allon, P.C. (*pro hac vice*)
                                                        Jay P. Lefkowitz, P.C. (*pro hac vice*)
                                                        Kevin M. Neylan, Jr. (*pro hac vice*)
                                                        **KIRKLAND & ELLIS LLP**
                                                        601 Lexington Avenue
                                                        New York, NY 10022
                                                        Telephone:    (212) 446-4800
                                                        Email:          devora.allon@kirkland.com
                                                                        lefkowitz@kirkland.com
                                                                        kevin.neylan@kirkland.com

                                                        Kevin M. Jonke (*pro hac vice*)
                                                        **KIRKLAND & ELLIS LLP**
                                                        333 W. Wolf Point Plaza
                                                        Chicago, IL 60654
                                                        Telephone:    (312) 862-2000
                                                        Email:          kevin.jonke@kirkland.com

                                                        William R. Sears (*pro hac vice*)
                                                        **QUINN EMANUEL URQUHART &
                                                        SULLIVAN, LLP**
                                                        865 S. Figueroa St., 10th Floor
                                                        Los Angeles, California 90017
                                                        Telephone:    (213) 443-3000
                                                        Email:          willsears@quinnemanuel.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on June 12, 2025, she caused a true and correct copy of the foregoing Defendant Gilead Sciences, Inc.'s Sur-Reply Memorandum in Opposition to Relator's Request for Judicial Notice to be served on all counsel of record through the Court's CM/ECF notification system.

*/s/ Devora W. Allon*
Devora W. Allon